UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

RAMON A. DASH,

       Plaintiff,

 -v-

HEARING OFFICER L. CONNERS, and
CORRECTIONAL OFFICER M. RUSINEK,

       Defendants.
─────────────────────────────────────

15-CV-6706-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Ramon Dash has filed an Amended Complaint (ECF No. 8), which the Court now screens pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff has also moved for service and for the appointment of counsel. ECF Nos. 11, 12. Plaintiff alleges that his constitutional rights were violated while he was confined at Attica Correctional Facility when Defendants wrongfully disciplined him for possessing a weapon which was found in his cell after a fight, as more clearly detailed in his Amended Complaint. For the reasons discussed below, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

## DISCUSSION

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to screen this Amended Complaint. In evaluating the Amended Complaint, the Court must accept as true all of the factual allegations and must draw all reasonable inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the

notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997). Based on its evaluation of the Amended Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

## I.     Procedural History

In his original Complaint (ECF No. 1), Plaintiff alleged that he was improperly punished as a result of what he characterized as a false charge and a wrongful conviction at his prison disciplinary hearing. Plaintiff stated that he had been moved to a cell at Attica Correctional Facility where a weapon was found after he had been housed in that cell for twenty days. Plaintiff denied knowing of or possessing the weapon. On January 7, 2014, after Plaintiff was involved in a fight with another inmate, Defendant Rusinek conducted a search of Plaintiff's cell, revealing a weapon hidden inside a light fixture. ECF No. 1 at 3. Defendant Conners conducted the resulting disciplinary hearing and, despite Plaintiff's denials, he was found to have possessed the weapon. At his disciplinary hearing, Plaintiff argued that the cell was never properly inspected before Plaintiff moved in. Plaintiff was convicted, he appealed, and an administrative appellate review reversed the result of the hearing. The finding was expunged from his record, and his good time credits were restored. Plaintiff had served 120 days in the Special Housing Unit when the administrative review overturned the result of the disciplinary hearing. Plaintiff

stated that while he was in the Special Housing unit, he attempted suicide three times and is now receiving mental health treatment.

By Decision and Order dated September 20, 2016 (ECF No. 7), Plaintiff was advised that the allegations of his Complaint were insufficient in two respects. First, Plaintiff's due process claims based upon conclusory allegations of bias by the hearing officer were insufficient to state a claim upon which relief may be granted. Second, Plaintiff was advised that his allegation that Corrections Officer Rusinek reached the wrong conclusion regarding the weapon which was concededly found in Plaintiff's cell, and his allegation that hearing officer Connors reached the wrong conclusion regarding Plaintiff's possession of the weapon, also failed to establish a constitutional violation which would sustain an action under § 1983. "The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

In that Order, Plaintiff was advised that, because his time in Special Housing Unit was between 101 and 305 days, it was necessary for him to establish that his confinement was more onerous than typical SHU conditions to create a liberty interest which would trigger due process requirements. "A period of confinement under typical SHU conditions lasting longer than 305 days, for example, triggers a protected liberty interest, whereas a period of confinement lasting between 101 and 305 days may trigger a protected liberty interest, depending on the specific conditions of confinement." *Gonzalez v. Hasty*, 802 F.3d 212, 223 (2d Cir. 2015). Plaintiff was given the opportunity to amend his Complaint to show that he was denied due process at the disciplinary hearing, and to allege that the conditions of his 120 days of SHU confinement were more onerous that normal, such that they triggered a protected liberty interest.

## II. The Amended Complaint

In his Amended Complaint, Plaintiff largely repeats his original allegations. He states that he was falsely accused, and without a proper inspection prior to Plaintiff being placed in the cell, the proof at the disciplinary hearing that the weapon was his was insufficient. Plaintiff accuses Defendant Rucinek of writing a "false tier III misbehavior report," but concedes that the Defendant did find a weapon in Plaintiff's cell. Again, he faults the Defendants for not carrying out a proper inspection when Plaintiff was moved into that cell. ECF No. 8 at 3.

Similarly, Plaintiff continues to fault Defendant Connors because "Connors had refused to listen to the Plaintiff's version of the true facts", and "wrongfully found the Plaintiff guilty." *Id.* at 4. Plaintiff objects that "the individual Defendants failed to take reasonable steps to find out if in fact the Plaintiff's cell was ever inspected" before charging him with possessing the weapon found there. *Id.* at 6. Plaintiff alleges in conclusory fashion that Defendants acted willfully and with the specific intent to deprive him of his constitutional rights. *Id.* Plaintiff specifically faults Defendant Connors for telling Plaintiff that the cell inspection sheets, which Plaintiff argued was missing from his hearing, were not in use at Attica. *Id.*

## III. Analysis

Plaintiff's success on his administrative appeal indicates that the result of the hearing was in error, but a mere error in evaluating the evidence does not present a constitutional violation. The constitution guarantees that a prisoner will not be deprived of a cognizable liberty interest without due process of law. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). With regard to the sufficiency of the proof or Plaintiff's possession of the weapon, in *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), the United States Supreme Court held that where a prisoner who was found guilty after a hearing bases his due process

claim on insufficient evidence, such a claim must be rejected if there was at least "some evidence" to support the decision. 472 U.S. at 455. The Supreme Court explained that:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, *the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board*.

*Id.* at 455-56) (emphasis added).

Because Plaintiff does not dispute that the weapon was found in the cell he had occupied for twenty days, that minimal threshold is certainly satisfied here.

Therefore, the only constitutional claim under the Amended Complaint that could exist would be if Plaintiff was not provided adequate due process during the disciplinary proceeding. In such a case, the claim is not based on the truth or falsity of the testimony but instead on the conduct of the hearing itself. In this regard, Plaintiff claims in conclusory fashion that Defendants intended to and did violate his constitutional rights. But a plaintiff's conclusory allegation of a constitutional violation, without more, fails to state a claim upon which relief may be granted. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987); *see also Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief).

Here, Plaintiff faults Defendants for doing a poor job and for reaching mistaken conclusions. Even assuming the truth of Plaintiff's allegations, which the Court must at this stage, Defendants were at most negligent, which does not establish a constitutional violation. *See generally Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is not actionable under § 1983). Plaintiff's conclusory allegations that Defendants

intended to and did violate his constitutional rights are insufficient to present a due process claim. *Barr,* 810 F.2d at 363.

Furthermore, to adequately plead a due process claim, a complaint must set forth allegations of additional punishment sufficient to trigger the requirements of due process. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). New York State regulations do grant an inmate an interest in remaining free from disciplinary confinement. However, to attach the protections of the Due Process Clause to this interest, *Sandin* requires an evaluation of whether the conditions of Plaintiff's disciplinary confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

The Court's prior Order specifically directed Plaintiff to amend his Complaint to describe his conditions of his confinement so that they could be compared with the ordinary incidents of imprisonment. *See* ECF No. 7 at 5-6. But despite this specific direction, Plaintiff's Amended Complaint fails to set forth the conditions of his confinement beyond the plain fact of spending 120 days in the Special Housing Unit and his reaction to being unjustly punished. Plaintiff instead recites the hardships resulting from his distress at being sentenced to the Special Housing Unit. Plaintiff's attempts at suicide on three occasions were both serious and regrettable, but they do not establish the nature of the conditions themselves. "Both the conditions and their duration must be considered" *Palmer*, 364 F.3d at 64; *see, e.g. Davis v. Barrett*, 576 F.3d 129,134 (2d Cir. 2009) (finding sufficient the allegations that plaintiff was locked in a cell twenty-four hours per day, that the cell lacked any furniture, the mattress was "infected" with body waste, the cell flooded daily and plaintiff was subjected to feces and urine thrown by other inmates). Here, any such allegations are lacking, and the Plaintiff's Amended Complaint does not pass muster.

# CONCLUSION

Plaintiff's Amended Complaint fails to address either of the deficiencies of his Complaint that were described in the Court's prior Order.  Because the Amended Complaint does not set forth allegations sufficient to establish a violation of his due process rights at the disciplinary hearing, nor does Plaintiff set forth allegations regarding the conditions of his segregation that could satisfy *Sandin*,  Plaintiff's Amended Complaint fails to state a claim, and must therefore be dismissed with prejudice.

# ORDER

IT IS HEREBY ORDERED, that the Amended Complaint (ECF No. 8) is dismissed with prejudice for failure to state a claim upon which relief may be granted;

FURTHER, that Plaintiff's motions for service and assignment of counsel (ECF Nos. 11, 12) are denied as moot; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:     Rochester, New York
           May 26, 2017

           _____
           HON. FRANK P. GERACI, JR.
           Chief Judge
           United States District Court